**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RANDY ZAMORA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-03626** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARSHALLS OF ILLINOIS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

**COMPLAINT**

**NOW COMES** Plaintiff, Randy Zamora ("Plaintiff"), by and through the undersigned counsel, filing this Complaint against Marshalls of Illinois, LLC ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sex- based discrimination and harassment, and retaliation under Title VII. Moreover, this lawsuit also arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") for Defendant's disability-based discrimination, failure to accommodate Plaintiff's disability, and retaliation under the ADA.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §2000e *et seq*. and 42 U.S.C. § 12101 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction have occurred or been complied with.

5. A charge of employment discrimination on basis of sex (sexual orientation), disability, and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of the Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within the ninety (90) days of receipt of the EEOC's Dismissal and Notice of the Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff resided in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant was a limited liability company doing business in and for Cook County whose address is 101 Orland Park Place, Orland Park, IL 60462.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff was hired by Defendant as a customer service coordinator in or around

May 2021 until March 3, 2022.

13. As a customer service coordinator, Plaintiff performed the following duties: promoted excellent customer service, created a positive internal and external customer experience, promoted credit and loyalty programs during customer interactions, and addressed customer concerns and issues promptly.

14. Plaintiff is a member of a protected class on the basis of his disability and his sex (sexual orientation).

15. Since at least December 2021 through March 3, 2022, Defendant has subjected Plaintiff to terms and conditions of employment different than others not within his protected classes and has been subjected to discrimination, harassment, and retaliation on the basis of disability and sex (sexual orientation).

16. Defendant is responsible for the sex-based and disability-based actions of its employees acting within the scope of their employment.

17. Direct supervisors of Plaintiff that subject Plaintiff to sex-based and disability-based disparagement automatically imposes liability on the Defendant.

18. Plaintiff has limited vision in his left eye which substantially limits major life activities. Because of his disability, Plaintiff cannot drive and takes public transportation.

19. Plaintiff disclosed his disability and sexual orientation to Defendant during orientation.

20. Regardless of Plaintiff's disability, he was qualified to perform the essential functions of a customer service coordinator with or without reasonable accommodations.

21. Plaintiff is a "qualified individual" under the ADA.

22. During orientation, Defendant assured Plaintiff that his work schedule would be

adjusted to accommodate for the bus schedule.

23. Despite this, Defendant failed to engage in the interactive process of accommodating the previously agreed upon reasonable request to have Plaintiff's shifts coincide with the bus schedule.

24. As a result, Defendant's manager issued disciplinary action against Plaintiff for arriving late to his shifts because he had to take public transportation for his disclosed disability.

25. In other words, Defendant targeted and retaliated against Plaintiff through disciplinary action as a result of his disability in violation of the ADA.

26. Plaintiff is also a member of the LGBTQ community and is a member of a protected class because of his sexual orientation.

27. Plaintiff is a male who dresses in an effeminate manner as a way to express his sexual orientation, including wearing eye makeup.

28. In or around January 2022, Plaintiff presented to work wearing colored eyeshadow, and Defendant's manager (Plaintiff's direct supervisor) harassed Plaintiff as a result of his sexual orientation.

29. In the course of wearing colored eyeshadow at work, Defendant's manager would ask Plaintiff, "what happened to you?" and "did you get punched in the eye?" despite knowledge throughout the entirety of Plaintiff's employment of his sexual orientation.

30. Defendant's manager also engaged in micro-aggressions in the form of glaring stares and making offhanded comments in reference to Plaintiff's appearance and sexual orientation.

31. Plaintiff experienced extreme mental anguish and offense as a result of these comments and micro-aggressions.

32. Other similarly situated employees outside of Plaintiff's protected class were not subjected to the same sex-based discrimination and harassment as Plaintiff.

33. In or around February 2022, Plaintiff reported his manager to Defendant's Human Resources (HR) Department.

34. Upon information and belief, no remedial action was taken by Defendant to investigate Plaintiff's complaint or prevent further harassment of Plaintiff.

35. On or around March 3, 2022, Plaintiff reported to work despite feeling under the weather.

36. Defendant's manager was advised that Plaintiff felt ill, and directed Plaintiff to leave work.

37. As Plaintiff collected his personal belongings to leave work, Defendant's manager issued Plaintiff a write-up for "poor performance" and for not leaving work immediately.

38. That same day, Defendant terminated Plaintiff's employment.

39. Defendant's termination of Plaintiff's employment was clearly pretext for retaliation of exercising his protected rights in reporting discrimination and harassment on the basis of his sexual orientation.

40. After Plaintiff's termination, he requested the HR department's contact information from the location where he was employed, but was met with refusal. Upon calling another store location, he was provided the information immediately.

41. Again, Plaintiff was retaliated against by Defendant for participating in a protected activity under Title VII.

42. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

43. There is a basis for employer liability for the sex-based discrimination, the disability discrimination, the failure to accommodate, and retaliation under both Title VII and the ADA.

44. Plaintiff can show that he engaged in a statutorily protected activity—a necessary component of his retaliation claim—because Plaintiff lodged complaints directly to the HR department regarding his harassment.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

45. Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff on the basis of his sex (sexual orientation) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

47. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

48. Plaintiff met or exceeded performance expectations.

49. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

50. Defendant discriminated against Plaintiff on the basis of his sex and expression of his sexual orientation.

51. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Harassment)**

52. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of his sex (sexual orientation) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

55. Defendant knew or should have known of the harassment.

56. The sexual harassment was severe or pervasive.

57. The sex-based harassment was offensive subjectively and objectively.

58. The sex-based harassment was unwelcome.

59. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

60. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

61. Plaintiff is a member of a protected class on the basis of sex (sexual orientation) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

62. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sex-based discrimination and harassment which

created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

63. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

64. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

65. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the sex-based discrimination in the form of unlawful termination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

66. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

67. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**COUNT IV**
**Violation of the Americans with Disabilities Act**
**(Disability Discrimination)**

68. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

69. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

70. Plaintiff met or exceeded performance expectations as a customer experience coordinator.

71. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

72. Defendant engaged in adverse employment practices in the form of disciplinary action on the basis of Plaintiff's disclosed disability.

73. Plaintiff is a member of a protected class under the ADA due to Plaintiff's physical disability.

74. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

75. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

76. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT V**
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

77. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

78. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

79. Plaintiff is a qualified individual with a disability.

80. Defendant was aware of the disability and the need for accommodation in the form

of a modified work schedule due to Plaintiff's inability to drive and the need to use public transportation.

81. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested the reasonable accommodation.

82. Plaintiff's reasonable accommodation that was requested was not an undue burden on the Defendant.

83. Defendant did not accommodate Plaintiff's disability.

84. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

85. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

86. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT VI**
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

87. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

88. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, et seq.

89. During Plaintiff's employment with Defendant, Plaintiff was subjected to unlawful discrimination as a result of Defendant's failure to accommodate Plaintiff's reasonable request of a work schedule change in order to accommodate his use of public transportation due to his disability. Due to Defendant's conduct, Plaintiff was subjected to sufficiently severe or

pervasive work conditions in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

90. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation in the form of disciplinary action by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

91. By virtue of the foregoing, Defendant retaliated against Plaintiff on the basis of his disability for his use of a reasonable accommodation, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

92. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

93. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Compensatory and punitive damages;

d. Reasonable attorneys' fees and costs;

e. Award pre-judgment interest if applicable; and

f. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 8th day of June, 2023.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 272-1942
Fax (630) 575 - 8188
E-mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*